### ASKEW v. SMITH.
#### No. 14467.

Court of Civil Appeals of Texas. Dallas.

Feb. 22, 1952.

Ewing Jones, Dallas, for appellant.

J. Willard Gragg and Chas. H. Storey, both of Dallas, for appellee.

YOUNG, Justice.

The suit for damages by appellant (plaintiff below) is based on fraud inducing execution of a contract under which he purchased from appellee some 500 vending machines to be thereafter placed on location by the parties in the State of Virginia. Plaintiff alleged various fraudulent representations made by Warner C. Smith relative to the laws of the United States, the State of Virginia, and named cities therein; with exceptions being urged to substantially all of said allegations. Upon hearing, exceptions 2 to 14, inclusive, were sustained, and, plaintiff declining to amend, the cause was dismissed with result of this appeal.

On basis of his petition, plaintiff paid $12,500 in cash for these "1¢ Merchandisers" equipped to vend charms and trinkets along with either candy or chewing gum; in substance, that upon learning of their illegality, both under laws of the United States and the State of Virginia, he requested defendant to take them back or find a buyer, which offer was refused; that a third party later purchased the machines for $1,000 which was their actual cash market value, with resulting damages fixed at $11,500.

The petition in material part must be quoted: "(3) That plaintiff is an automobile mechanic and prior to the negotiations leading up to the contract described above had never been engaged in any business venture and was totally unfamiliar with vending machines and the laws pertaining to the use of such machines; that defendant had been engaged in the vending machine business for sixteen (16) years at the time of such negotiations and represented to plaintiff that he was an expert on vending machines and was familiar with all laws pertaining to the operation of such machines, particularly in the State of Virginia; that plaintiff asked defendant about operation of penny vending machines without charms or trinkets and defendant told plaintiff that said machines were not worth a dime without charms or trinkets; that on or about April 1, 1950, and before said contract was ex-

ecuted by plaintiff and defendant, and before plaintiff paid defendant $12,500.00, plaintiff asked defendant if such machines and the operation of them with charms or trinkets, were legal, advising defendant at that time that he was inexperienced in business matters, particularly vending machines, and had never been in any trouble or in jail; that defendant again assured plaintiff and represented to him that he, the defendant, had been in the vending machine business for sixteen (16) years; that he had never sold anybody anything which was illegal and that such machines were just as legal as anything could be.

"Plaintiff alleges that such representations were material to the transaction herein described in that he would not have entered into the contract with defendant and would not have paid defendant $12,500.00 had it not been for such representations of defendant. Plaintiff alleges that such representations of defendant were false at the time they were made for the reason that operation of such vending machines with charms or trinkets was and is contrary to and was and is prohibited by the laws of the United States, by the laws of the State of Virginia and by laws of the Cities of Petersburg, Norfolk, South Norfolk and Portsmouth, Virginia.

"Plaintiff alleges that such representations were made by defendant for the purpose of and with the design and intent to induce plaintiff to enter into the contract described herein and to induce plaintiff to pay to defendant $12,500.00. Plaintiff alleges that he relied upon such representations of defendant that he, the defendant, was an expert on vending machines and that operation of vending machines with charms or trinkets was legal, particularly within the State of Virginia.

"(4) That defendant's representations described above were fraudulent in that he had sold illegal vending machines and vending machines to be used illegally to various other persons; that defendant intentionally misrepresented his knowledge of the law and intentionally misrepresented the legality of the vending machines in question.

"(5) In the alternative, plaintiff pleads that if defendant did not know that the representations he made to plaintiff as to the legality of the machines were false, then he made such representations without knowing whether such representations were true or false."

Laws of Virginia and of the United States were further pled, which, as plaintiff avers, prohibited the operation of said machines. Special exceptions, reiterated and sustained to the foregoing pleading, were in the following form: (7. B) "That the representations as to the legality of vending machines within the State of Virginia made by a layman cannot be made the basis of a cause of action as alleged herein."

We will first consider appellant's points 2, 5, 6, 10, and 11 complaining of court error in the sustaining of exceptions to his detailed pleading concerning defendant's representations of a familiarity with all laws pertaining to the use of said machines, particularly in the State of Virginia, and that such operation was legal; plaintiff relying on aforesaid statements which were false and fraudulently made.

The familiar rule (with many exceptions) that all persons are presumed to know the law does not apply to a misrepresentation concerning foreign laws, including the laws of a sister State; same being generally regarded as representations of fact. 18 C.J.S., Corporations, § 327, p. 856; 23 Am.Jur., p. 815; Pomeroy, Equity Jurisprudence, 5th Ed., Vol. 3, p. 331. "When the legal rights and duties of a party, or the legal effect of any contract or transaction into which he enters, are dependent upon the laws of a foreign state or country, he is not presumed to have any information thereon, *nor required to exercise diligence to inform himself*. And if representations as to the existence, terms, or effect of such laws are made to him by the other party, assuming to know them and to advise him concerning them, whereby he is induced to part with his rights or to enter into the contract, they are considered as representations of fact, and not of law, and will justify the rescission of the contract or cancellation of the obligation, if false and made with a fraudulent intention." Black on Rescission and Cancellation, 2nd Ed., Vol. 1, sec. 72, p. 193. (Emphasis ours.) "Where

one of two contracting parties represents that he knows the law of a foreign state, and this representation is acted upon by the other, the plainest principles of natural justice require that he who made the representation should be deemed guilty of fraud if he misleads the person with whom he is dealing by a false statement of the foreign law." Bethell v. Bethell, 92 Ind. 318; Annotated Cases 1917E, p. 1096.

 Even our own courts are never required to take judicial cognizance of the laws of another state except by a method of pleading and proof; presently prescribed by Rule 184a, Texas Civil Procedure.

 On the other hand, with respect to domestic or national laws, the settled rule is that misrepresentations as to them cannot be legally relied upon, because of a presumed familiarity therewith; such representations being usually considered as mere expressions of opinion. 20 Tex.Jur., p. 28. This further principle is again subject to various exceptions under which the misrepresentations may become actionable; as, for instance, where one uses his superior knowledge or information to obtain an advantage over another who is confessedly ignorant of the law. Moreland v. Atchison, 19 Tex. 303; Schaeffer v. Blanc, Tex.Civ. App., 87 S.W. 745; Ward v. Baker, Tex. Civ.App., 135 S.W. 620; Holt v. Gordon, Tex.Civ.App., 176 S.W. 902. Likewise a misrepresentation of law may constitute actionable fraud as one of fact if so intended and understood; 16 Tex.Law Review 106. See also Safety Casualty Co. v. McGee, 133 Tex. 233, 127 S.W.2d 176, 178, 121 A.L.R. 1263, citing with approval the following from Black, 2nd Ed., Vol. 1, Rescission and Cancellation, p. 188, sec. 71: "* * * And again, * * * if one of the parties is ignorant of the law or of his legal position or rights, and the other is aware of this fact, and is also perfectly informed of the legal principles, rules, or statutes applicable to the existing state of affairs, and takes advantage of his superior knowledge and of the other's ignorance, and so misrepresents and misstates the law as to induce him to enter into an inequitable bargain, or to part with rights or property which he might have retained, it is con-

sidered such fraud as to justify a court of equity in giving relief." In this connection, it should be noted, plaintiff has alleged that defendant *intentionally* misrepresented his knowledge of the law and *intentionally* misrepresented the legality of these vending machines.

 Neither do we think that the following allegations were subject to special exception as being inconsistent with appellant's cause of action in damages for alleged fraud: "Plaintiff alleges that there was a failure of consideration in that it was impliedly agreed in the contract between plaintiff and defendant that the defendant would furnish said '500 Master 1¢ Merchandisers, filled with merchandise' at locations where use of such machines was not illegal and this the defendant failed to do."

Consistent with the foregoing conclusions, the judgment under review is reversed and cause remanded for further proceedings.