L. S. HOWARD et ux., Appellants,

v.

COUNTY OF NOLAN et al., Appellees.

No. 3403.

Court of Civil Appeals of Texas.

Eastland.

Jan. 9, 1959.

Rehearing Denied Jan. 30, 1959.

948

Beall, Nunn & Griggs, Sweetwater, Scarborough, Black & Tarpley, Abilene, for appellant.

Weldon Kirk, County Atty., Sweetwater, Will Wilson, Atty. Gen., H. Grady Chandler and Joe G. Rollins, Asst. Attys. Gen., for appellee.

COLLINGS, Justice.

This is an appeal from a summary judgment. L. S. Howard and wife, after securing legislative authority, brought suit against defendants, the State of Texas and Nolan County, to set aside a deed conveying certain land to the defendants for highway purposes. They sought in the alternative to recover damages in the sum of $8,600. Defendants filed a plea in abatement to plaintiffs' claim for damages on the ground that they had not secured legislative permission to sue therefor. H.C. R. No. 66, Acts 55th Leg.Reg.Session 1957.

The plea in abatement was sustained without prejudice to plaintiffs' right to urge their claim for damages upon securing legislative authority. No point is urged complaining of the action of the court in sustaining the plea in abatement. As grounds for setting the deed aside, plaintiffs alleged mutual mistake and fraudulent concealment. Upon a trial issues on the question of fraudulent concealment were submitted to the jury, but the jury was unable to reach a verdict. Thereafter the defendants filed a motion for summary judgment on that part of the suit seeking to set aside the deed. The motion for summary judgment was granted and plaintiffs L. S. Howard and wife have brought this appeal.

Appellants urge that the court erred in granting summary judgment that plaintiffs take nothing in their suit to set aside the deed; that under the Constitutions of the State and Federal Governments, property cannot be taken for public purposes without just compensation; that appellants conveyed the land to the state for highway purposes, but had no knowledge at the time that the state planned at some time in the future to build an overpass adjacent to their land which would result in additional damages; that the state concealed and failed to divulge to appellants any information concerning the planned overpass and resulting damage. Appellants urge that the court erred in holding that the deeds should not be set aside on the ground of fraud and erred in holding that appellants would still have no title to the land and would have no remedy even if the deeds were set aside.

In our opinion the pleadings and testimony, including that of the Howards concerning the alleged fraud upon which they rely to set aside the deed, raise no issue of fact which, if found to be true, would support a judgment in their favor, but, on the contrary, would require judgment against them. The pleadings and evidence show that the deed was not acquired by fraud. Under such circumstances the court

properly entered a summary judgment for appellees. Statham v. City of Tyler, Tex. Civ.App., 257 S.W.2d 742 (R.N.R.E.) and Pate v. Stevens, Tex.Civ.App., 257 S.W. 2d 763 (Writ Dis.).

Our Supreme Court in State v. Brewer, 141 Tex. 1, 169 S.W.2d 468, 471, considered a case similar in many respects to the instant one. That suit was brought, after legislative authority had first been secured, by B. K. Brewer and wife against the State of Texas and the Texas State Highway Department to recover damages alleged to have been caused by rebuilding the highway which ran through their land to conform to a subsequently promulgated regulation requiring reduction of grades to prevent accident. The old road bed was on the same level as abutting property, but in building the new road, a grade cut about 600 feet in length and from 14 to 16 feet in depth, was made directly in front of the Brewer residence. There was evidence to the effect that the state engineer told Mr. Brewer at the time of the execution of the deed conveying additional land that the cut in front of his home would not exceed a depth of 3 or 4 feet. After making the conveyance to the State, plans were changed so that the cut was increased from 14 to 16 feet in depth. The view of the Brewer house from the road was thereby obscured and other serious inconveniences resulted to the Brewers for which they sought damages. Mr. Brewer testified that he would not have made the conveyance of the right of way for a consideration of $180 if he had known that the excavation would be made to the depth that it was. In holding that under these facts the Brewers were not entitled to recover from the State, it was stated as follows:

"The conveyance of land for a public purpose will ordinarily vest in the grantee the same rights as though the land had been acquired by condemnation proceedings. * * * Grantors cannot recover for any damages to the remainder of the land, the land not conveyed, which result from a proper construction, use, and operation of the highway on such property * * *."

"* * * he did not testify that the engineer, or anyone else representing the State, agreed as a part of the consideration that the cut would not be deeper than three to four feet, or that he would be paid any additional compensation in case it should be. * * *"

"We are unable to see how these improvements, made in conformity with reasonable regulations for the public safety, could create any liability against the State for additional compensation. The conveyance by the Brewers to the State gave the State the right to make all necessary improvements on the land conveyed therein. There was no promise, express or implied, that the State would pay any further compensation than that paid the Brewers at the time the deed was executed. This conveyance was absolute and unconditional, and unless it is shown that the State violated some legal right it owed the Brewers in constructing the highway, then no cause of action arose against the State."

▇▇▇ Appellants contend that there is a material distinction between the facts of the Brewer case and those of the instant case and that the holding in that case actually lends support to this appeal. They urge that there was no evidence that the representation by the State's engineer to Mr. Brewer that the cut in front of his house would not exceed three or four feet was not made in good faith or that the representation was untrue at the time it was made; that, on the contrary, new regulations were promulgated by the State Highway Department bringing about the change in plans. They urge that in the instant case the evidence shows that the State Highway Department at the time the deeds were executed knew that an over-

pass would be constructed adjacent to the Howard property as soon as funds were available for that purpose; that the State owed a duty to them to deal fairly and fully reveal all of the plans then existing that might have a bearing upon the damages to be suffered as a result of the proposed highway construction; that the failure of the State to reveal this essential information, exclusively within its knowledge, was fraudulent concealment and the breach of a legal duty to appellants resulting in detriment to them for which appellants are entitled in equity to have their conveyance set aside. We cannot agree with appellants' contention in this respect. The cases are to be distinguished in that the instant case is a suit to set aside a deed and the Brewer case was for damages to remaining land. There can be no doubt, however, that the holding in the Brewer case would have precluded a setting aside of the deed if that relief had been sought. Bearing upon the issue of fraud in this case it is to be noted that appellants alleged in their pleadings that they conveyed the land in question to the state for road purposes. Their pleadings and testimony show that they have admitted that (1) forbearance from constructing an overpass was not a stated consideration for executing the deed sought to be set aside; that (2) neither the County of Nolan, the State of Texas or their agents or representatives ever told the Howards that they would not construct the overpass; that (3) neither the County nor the State promised to pay the Howards any additional consideration if an overpass were constructed; that (4) the Howards never asked any representatives of the County or the State with whom they negotiated any questions which they failed to answer; that (5) the Howards knew at the time of the execution of the deed that the land was to be used for highway purposes and it was reasonable to expect that in the course of time other improvements would be made. These undisputed facts conclusively negative the existence of fraud as a basis for setting aside the deed. There was no false representa-

tion and reliance thereon. There is evidence of a failure by the representatives of the state to fully inform appellants of all the plans and construction data, including the plans for an overpass. But, silence even as to a material fact does not of itself amount to fraud. The state was under no duty to volunteer this information and its failure to do so does not constitute fraud. 37 C.J.S. Fraud § 15, p. 243; 20–A Tex.Jur. 79. We do not concur with appellants' contention that there was a fiduciary relationship between appellants and the County and State officials which required the latter to voluntarily disclose unasked-for construction data.

 The power to acquire property for public use is inherent in the State without regard to consent of the owner, when adequate consideration is paid. Article 1, Sec. 17, Texas Constitution, Vernon's Ann. St. However, when an owner consents to the taking and use of his property, such consent is a defense to an action to recover its possession. 30 C.J.S. Eminent Domain § 412, pp. 138, 139; Hightower v. City of Tyler, Tex.Civ.App., 134 S.W.2d 404 (Writ Ref.). It is also held that whenever the owner accepts a sum of money as compensation for land for such a use, his property, to the extent of the taking, is expropriated to the use of the public. The Howards sold their land to the State for highway purposes. They thereby consented to the taking of their land for public use. They executed and delivered their deeds thereto, evidencing an immediate intention to appropriate or devote the land to the use of the public. They accepted an agreed compensation for the taking and use. The deed was accepted by the State and the appropriation became complete. Appellants cannot now set the deed aside and recover their land. If appellants are entitled to any relief, they are limited to an action for damages for additional servitude on their land. City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 44 S.W. 476; 16 Tex.Jur. (Rev.) 839; 30 C.J.S. Eminent Domain § 412, pp. 138, 139. How-

ever, we do not pass upon appellants' right to maintain a damage suit against the State because they have not secured permission from the legislature to maintain such a suit and that question is not before us.

The trial court properly granted appellees' motion for summary judgment. The judgment is affirmed.