

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

June 17, 1964

Honorable Charles A. Allen
Criminal District Attorney
Harrison County Courthouse
Marshall, Texas

Opinion No. C-270

RE: Whether Harrison County
may legally pay to the
Mount Ridge Baptist
Church additional dam-
ages to its property
under the stated facts.

Dear Mr. Allen:

You have requested an opinion as to whether Harrison County
may legally pay to the Mount Ridge Baptist Church additional
damages to its property under the stated facts. The Mount
Ridge Baptist Church is located at the intersection of Farm
to Market Road No. 1915 and Farm to Market Road No. 134 facing
on Farm to Market Road 134. The facts appear to be that on
March 3, 1961, the Commissioners' Court of Harrison County
negotiated with and subsequently obtained a deed from the Mount
Ridge Baptist Church of Karnack, Texas, for the purchase of
1.913 acres of land out of a 3.5 acre tract of land, for right-
of-way purposes. That at the time of the negotiations with
the Mount Ridge Baptist Church it was not contemplated by the
Court, and was not known by the membership of the church that
the improvements to Farm to Market Road No. 134 and Farm to
Market Road No. 1915 would result in a cut being made in front
of the church on 134 at such an angle as to make ingress and
egress to the premises and to the church impossible from Farm
to Market Road No. 134 or No. 1915. You further stated in
your letter that Farm to Market Road No. 134 was lowered
between 30 and 40 feet, and that by reason thereof ingress
to and egress from the church was impossible without going
upon someone else's property.

In City of La Grange v. Pieratt, 142 Tex. 23, 175 S.W.2d
243 (1943), the Court stated:

'In a proceeding for the condemnation of a part
of a tract of land for street or road purposes,
it is presumed that the amount of damages allowed
covers all lawful elements of damages, whether

direct or consequential, that could reasonably
have been foreseen and determined at the time of
condemnation; and where a part of a tract of land
is condemned for street or road purposes, the
owner cannot recover in a subsequent proceeding
for consequential damages to the remainder of the
land which he ought reasonably have foreseen and
presented in the condemnation proceeding.'

In Howard v. County of Nolan, 319 S.W.2d 947 (Tex.Civ.App.
1959), the Court stated:

"Our Supreme Court in State v. Brewer, 141 Tex. 1,
169 S.W.2d 468, 471, considered a case similar in
many respects to the instant one.  That suit was
brought, after legislative authority had first been
secured, by B. K. Brewer and wife against the State
of Texas and the Texas State Highway Department to
recover damages alleged to have been caused by re-
building the highway which ran through their land
to conform to a subsequently promulgated regulation
requiring reduction of grades to prevent accident.
The old road bed was on the same level as abutting
property, but in building the new road, a grade cut
about 600 feet in length and from 14 to 16 feet in
depth, was made directly in front of the Brewer
residence.  There was evidence to the effect that
the state engineer told Mr. Brewer at the time of
the execution of the deed conveying additional land
that the cut in front of his home would not exceed
a depth of 3 or 4 feet.  After making the conveyance
to the State, plans were changed so that the cut
was increased from 14 to 16 feet in depth.  The
view of the Brewer house from the road was there-
by obscured and other serious inconveniences re-
sulted to the Brewers for which they sought damages.
Mr. Brewer testified that he would not have made
the conveyance of the right of way for a consider-
ation of $180 if he had known that the excavation
would be made to the depth that it was.  In holding
that under these facts the Brewers were not entitled
to recover from the State, it was stated as follows:

'The conveyance of land for a public purpose will
ordinarily vest in the grantee the same rights as
though the land had been acquired by condemnation
proceedings. * * * Grantors cannot recover for any
damages to the remainder of the land, the land not
conveyed, which result from a proper construction,

use, and operation of the highway on such prop-
erty * * *.'

'* * * he did not testify that the engineer, or
anyone else representing the State, agreed as a
part of the consideration that the cut would not
be deeper than three to four feet, or that he
would be paid any additional compensation in case
it should be. * * *'"

The test apparently applied in the Brewer case is whether
the change in the highway construction was one reasonably to
be anticipated at the time the right-of-way was acquired; and
this in turn is dependent upon whether the improvements were
"made in conformity with reasonable regulations for the public
safety." All damages arising from such improvements are re-
garded as reasonably within contemplation in the acquisition
of the right-of-way, are proper items to be considered in
estimating the damages in condemnation proceedings, and are
deemed included in the price paid or damages awarded in the
right-of-way acquisition. Milam County v. Akers, 181 S.W.2d
719 (Tex.Civ.App. 1943, error ref. w.o.m.).

The Court conceded the correctness of the above principles
in the Akers case but contended that the widening, rerouting,
and contemplated new construction constituted an additional
servitude upon Akers' property, for which compensatory conse-
quential damages were recoverable.

The Court also held in the Akers case that:

". . . the proper test here is whether the newly
acquired right-of-way imposes burdens on the abut-
ting property which did not exist under the old
right-of-way. The fact that some, or even all
of the new construction actually rests upon the
old right-of-way is not controlling. When such
construction is not feasible or is impractical
upon the old right-of-way, and the new acquisition
is essential to it, clearly an additional burden
and servitude is created; for which compensatory
consequential damage is recoverable."

In Howard v. County of Nolan, supra, the Court held that
"if the grantors are entitled to any relief they are limited
to an action for damages for additional servitude on their
land." (Emphasis ours.)

Article I, Sec. 17 of the Constitution of the State of

Texas, provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made . . . ."

> "The weight of authority under the above constitutional provision is that an owner of land abutting upon a street or highway is entitled to damages for any permanent injury to such land by a material change of grade whether from natural or a previously established grade where such damages exceed the benefits derived from the change. Of course, if the owner has already been compensated for the damage suffered, he could not recover a second time. The test then as to whether he is entitled to compensation in a particular case is whether the change made could reasonably have been foreseen by the owner or his predecessor at the time the easement or right-of-way was acquired." City of Sweetwater v. McEntyre, 232 S.W.2d 434 (Tex.Civ.App. 1950, error ref. n.r.e.). (Emphasis ours.)

> ". . . the general rule is that access to a public highway is an incident to ownership of land abutting thereon and the corollary follows that this right cannot be taken or destroyed for public purposes without adequate compensation being given therefore." City of San Antonio v. Pigeonhole Parking of Texas, Inc., 158 Tex. 318, 311 S.W.2d 218 (1958).

In State v. Brewer, 169 S.W.2d 468 (Tex.Civ.App. 1943), the Court held that:

> 'To give a right of redress there must not only be an injury or loss but it must have been occasioned by the commission of a legal wrong, that is, violation of legal right and a breach of legal duty.' The burden rested on the Brewers to show that they sustained a loss by reason of the construction of this highway, and, furthermore, that such loss resulted from the violation of some legal right and the breach of some legal duty due them by the State."

Included in your request for an opinion was a copy of a letter from County Judge John Furrh and an affidavit of County Commissioner Will M. Power who acted in behalf of the Commissioners' Court in negotiating with the Mount Ridge Baptist Church for the purchase of the subject property. Both Judge

Furrh and Mr. Power state that neither they, as individuals, nor the Commissioners' Court nor the church contemplated at the time of negotiation and the execution of the deed by the church that the improvements would result in a cut being made at such an angle as to make ingress and egress to the premises and to the church impossible.

In view of this letter and affidavit it was not reasonably foreseeable that access would be totally denied by the cut, placing an additional servitude on the abutting property, and since access is an incident of ownership for which compensation must be paid, it follows that there remains liability on the part of the County for which the County may renegotiate with the Mount Ridge Baptist Church.

S U M M A R Y

Harrison County may legally pay to the Mount Ridge Baptist Church additional damages to its property under the stated facts.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By William E. Osborn
Assistant Attorney General

WEO:dc

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Milton Richardson
Edward Moffett
Carroll Graham
Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone