Cora H. ROBERTS, Appellant,

v.

Baker LUCAS, Appellee.

No. 121.

Court of Civil Appeals of Texas.

Tyler.

March 25, 1965.

J. Byron Saunders, Saunders & Tunnell, Tyler, for appellant.

Wilbert Lasater, Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, for appellee.

SELLERS, Justice.

Appellant brought this suit against the appellee to recover damages for a breach of a written contract which is referred to in the pleadings and made a part thereof just the same as if it were copied in the petition. This contract does not accompany the record on appeal. The appellee answered the appellant's petition with certain special exceptions and other allegations not necessary to mention. The appellant filed a First Amended Original Petition to which the trial court sustained appellee's exceptions and dismissed the case. From this judgment the appellant has duly prosecuted this appeal.

From appellant's brief we take the following:

"The sole and only question in this case is whether or not Appellant's Amended Original Petition properly alleged fraud in inducement of a contract sufficiently to entitle the Appellant to be heard on such Amended Original Petition and relief granted as prayed for therein.

"The trial court apparently based his ruling upon the recent Supreme

Court case of Texas in a certain suit styled Climatic Air Distributor of South Texas vs. Climatic Air Sales [162 Tex. 237], 345 SW2d, 702. This case held that a contract providing for an exclusive distributorship was and would be void. Appellant does not and cannot have any argument with reference to the holding in that case. It is true that in the instant case, the contract as prepared between the parties did provide for an exclusive distributorship in an exclusive area. We feel that the case at bar and the Supreme Court case cited above may be distinguished in that Appellant has attempted to allege fraudulent acts including the contract to be executed which fraudulent acts, allegations and misrepresentations were made on material matters, were untrue at the time of their making, that Plaintiff was ignorant of the falsity of the representations, was deceived thereby, relied upon the representations, and was thereby damaged. \* \* \* "

■ It will require no citation of authority for the well established rule of law that the courts will not grant relief to either party when an illegal contract is sought to be enforced.

The appellant undertakes to escape the above holdings by allegations, undertaking to establish fraud in the execution of the contract. The allegations in this connection are found in paragraphs 1, 2 and 3 of appellant's Amended Original Petition, as follows:

"That Plaintiff as owner of Roberts Chemical Company had for many years prior to October 24, 1961, been engaged in the manufacture of chemical compounds in Tyler, Smith County, Texas and particularly a compound called 'Saveoyl' which chemicals were and are used for the treatment of oil and gas wells where paraffin forms in the tubing to aid, assist and enlarge production therefrom.

"That Defendant on or about said date of October 24, 1961, and prior thereto had been a licensed Real Estate Dealer and was anxious to expand his business and engage in the sale and distribution of chemicals in addition to his real estate business. That as a result, Defendant approached Plaintiff and entered into negotiations with her with the view of obtaining an exclusive distributorship thereof in certain territories in Texas. That said negotiations resulted in a written agreement and contract of date of October 24, 1961, which provided for an exclusive distributorship in an exclusive territory. That in the preparation of said agreement, Defendant was represented by counsel who prepared rough drafts of same and presented them to Plaintiff for her approval and correction. That Plaintiff was not advised by counsel of the invalidity of said contract. As a matter of fact, said attorney secured by her advised Plaintiff the contract was legal. The final contract was prepared by Defendant's counsel, executed by them and the parties began operations thereunder whereby Plaintiff was to manufacture said product and Defendant was to distribute the same. That a confidential relationship was thus established between the parites which was unconscionable in that Defendant took an unfair advantage of Plaintiff to her detriment and damage as hereinafter shown, knowing from the beginning the contract could not be enforced.

"Plaintiff alleges that Defendant thus perpetrated a fraud on Plaintiff when he induced her to enter into the written contract and agreement as finally consummated in this: that Defendant's attorney knew and advised Defendant when he entered into said contract that same was void and unenforceable as being in violation of the Anti-Trust Statutes of Texas for

the reason that said attorney had defended a similar contract for a client through the Supreme Court of Texas and on April 19, 1961, Justice Greenhill of said court had rendered an opinion in said suit holding an exclusive contract of distribution to be void. Since this contract was not entered into until October of said year Defendant's attorney knew this fact when the Defendant induced Plaintiff to enter into the contract as written and prepared by him and under his supervision. That Plaintiff alleges Defendant's counsel so advised Defendant of its illegality prior to the execution of the instant contract. That to induce Plaintiff to enter into the contract as aforesaid, Defendant represented that he would buy as a minimum 11,550 gallons of such chemical for a total sum of $17,325.00. In fact, he did buy 2,200 gallons subsequent to the original negotiations; that he further represented he had a sales organization in existence which could and would increase her sales; that he would do an interstate business in such chemicals in that he had a representative in Mansfield, Louisiana, Mr. Harvey Sexton who would represent him in that area; that he had begun advertising the product on the strength of securing the distributorship of said chemical and that he was financially able to buy the 11,550 gallons as a minimum for his needs."

The foregoing pleadings disclose that the appellee is not charged with advising the appellant prior to execution of the contract that it was legal, but that he knew it to be illegal and did not so advise the appellant.

Both parties are presumed to know the law of Texas and even a misrepresentation as to Texas law by an appellee would not be fraudulent but is treated as mere representations of opinion, Askew v. Smith, Tex.Civ.App., 246 S.W.2d 920. This result would not be true if the appellee at the time used his superior knowledge of the law to obtain advantage over one who is confessedly ignorant of such laws. Askew v. Smith, supra.

From the allegations in this petition, the appellant is far from ignorant but is a business executive and was represented by her own lawyer who advised her that the contract was legal.

As we interpret the appellant's pleadings, the allegations are to the effect that the appellee withheld his knowledge of the illegality of the contract when he should have divulged the same to the appellant. There are no allegations of a confidential relationship between the parties prior to the time the contract was executed. The courts hold that mere silence of a material fact does not of itself amount to fraud. Howard v. County of Nolan, Tex. Civ.App., 319 S.W.2d 947.

In our opinion the court properly dismissed the appellant's cause of action, and the judgment of the trial court is affirmed.