Sullivan,
March 1, 1932.

MORRIS A. GELLIS *v.* CLAREMONT MASONIC ASSOCIATION.

*Howard H. Hamlin*, for the plaintiff.

*Henry S. Richardson*, for the defendant.

Snow, J.   The contract declared on was one of ordinary letting. There was no express warranty of the suitableness of the premises for the purpose for which they were let, and none is to be implied.   In such a case the rule is that the lessee takes the risk of the quality of the premises and cannot recover for any injury arising from defects therein.   The sole exception to the rule is where the damage results from a secret defect, and there is such a concealment thereof by the landlord as to amount to fraud or deceit.   To state a cause of action under this exception the declaration must aver that the injury suffered was due to a secret defect in the leased premises, concealed from ordinary observation, known to the defendant, and not disclosed to, and unknown by the plaintiff.   *Clark* v. *Sharpe*, 76 N. H. 446, 447, and cases cited.

The declaration neither alleges a secret defect in the leased premises, nor states any facts from which such a defect is necessarily or reasonably to be inferred.   The plaintiff's injury is attributed to water which overflowed the town's surface drain, for the construction and maintenance of which it is not claimed that the defendant was in any way responsible.   The writ alleges no defect in the drain.   It merely tells us it overflowed.   The cause is left to conjecture.   For anything that appears, the overflow may have been the result of torrential storms, the possible happening of which the defendant was not bound to anticipate and disclose simply because he knew from experience they were likely to occur.   *Doyle* v. *Railway*, 147 U. S. 413, 423, 429, 430; *Acheson* v. *Roth*, 169 N. Y. Supp. 461, 462.   That the occurrences were exceptional and not seasonal appears from the alleged fact that they happened only "on two or three occasions" in substantially four and a half years.

The surmise, however, which approaches nearest to a legitimate inference from the alleged facts is that the overflows were due to a clogging of the drain, and therefore to failure in its maintenance by the selectmen.   But in that case, or even if we may infer that the town failed to construct an adequate drain, the defendant was not bound to anticipate and advise the plaintiff of the possible recurring or continuing wrongful acts or omissions of the town even if he knew from past occurrences the careless habits of its officials.   On neither of the suppositions was the failure of the owner to provide a barrier

or defence against the illegal invasion of his premises a defect therein. *Baitzel* v. *Rhinelander*, 167 N. Y. Supp. 343, 347;. *Acheson* v. *Roth, supra.*

If we might infer that the defendant's building was in the path of a natural water course to which the city or other adjoining owners rightfully diverted accumulated surface water (*Franklin* v. *Durgee,* 71 N. H. 186), and its basement floor was constructed at a level which exposed it to inundation thereby, it may be conceded that such a construction could be found to be a defect in the premises. But no such legal right in the town is alleged. On the contrary the existence of such a claimed right by the town is negatived by the fact that the diversion occurred by the escape of the water from the drain which it had provided to conduct the water away from the defendant's premises.

The plaintiff has failed to allege a defect in the premises, the concealment of which by the defendant could be found to be fraud or deceit. In other words, if all the facts alleged were proved, the liability of the defendant would not be shown. This conclusion makes it unnecessary to consider the defendant's further claim that there was nothing in the situation concealed from ordinary observation.

*Demurrer sustained.*

All concurred.