SORESI v. REPETTI.
No. 950.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 25, 1950.

Decided Nov. 2, 1950.

Alton S. Bradford, Washington, D. C., with whom A. Slater Clarke, Washington, D. C., was on the brief, for appellant.

Maurice A. Guervitz, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff Repetti leased the ground floor of a building to the defendant Carl Soresi for one year beginning March 1, 1949. Defendant, doing business as the Embassy Publishing Company (then unincorporated) was to conduct there a publication entitled "The Embassy Daily Journal". Defendant paid the first month's rent and moved some furniture into the premises, but at the end of the month he turned the keys over to the plaintiff and notified him that he was vacating. Suit · was begun against defendant Soresi and the Embassy Publishing Company for rent for the ensuing two months.[1] Defendant contested the suit on the ground that he had been induced to sign the lease by the misrepresentations of plaintiff and also counterclaimed for damages based on such alleged misrepresentations. The lower court, sitting without a jury, gave judgment for plaintiff for the full amount of his claim and also decided against defendant on his counter-claim. The action as to the defendant Embassy Publishing Company was dismissed. Defendant Soresi appeals.

The controversy centered around the proposed installation by defendant of an "Oswego" paper cutter. The lease provided that the premises would be used only for "publishing newspaper". Defendant made inspections on at least two occasions prior to signing the lease, and he and an em-

---

1. No point has been made of possible minimization of damages.

ployee who accompanied him and who verified his statements testified that he had described his intended operations to plaintiff and in particular had received from plaintiff assurances that the premises could be used for the purpose intended and that there could be installed the paper cutter weighing approximately 9,000 pounds. He also testified that subsequently he was informed by correspondence with the office of the Building Inspector of the District of Columbia government that according to information submitted by him the floor was not equal to a paper cutter of the described weight unless additional support were provided for the floor.[2] He testified further that without the approval of the Building Inspector's office he could not obtain an occupancy permit, and therefore abandoned the premises.

 Considerable testimony, including that of experts, was received regarding the actual weight of the paper cutter and the requirements of the Building Inspector's office. In our view of the case, however, it is unnecessary to review such evidence. Plaintiff testified that no statement was made to him prior to the signing of the lease about a 9,000 pound paper cutter but only about a B.M. office machine.[3] The trial court, after reviewing the evidence, in a carefully prepared written opinion found as a fact that there was no misrepresentation and therefore awarded judgment to plaintiff both on the principal claim and on defendant's counterclaim.

Defendant claims that the finding was contrary to the weight of the evidence. As we have said previously, however, it is unnecessary to cite authorities for the propositions that the weight of the evidence is a question for the trier of the facts and that a finding of fact supported by substantial evidence can not be set aside by an appellate court. As we have also said previously, the argument of defendant ignores the principle that the trier of the facts is the judge of the credibility of witnesses and that weight of the evidence is not necessarily determined by the number of witnesses.[4]

 In the light of the trial court's findings, we must give effect to another well recognized principle of law, namely, that in the absence of warranty, deceit, or fraud, the tenant has the duty to examine the premises to determine its adaptability for the desired use.[5] The defendant admits that he examined the premises before signing the lease. While such lease specifically stated that defendant was to carry on a "publishing business", there was no duty on the part of the landlord to ascertain the weight of a particular type of machine which defendant desired to install on the premises. There has been no showing that any paper cutter was requisite for carrying on the publishing business or that a paper cutter of less weight could not have been used by defendant.

 Defendant also assigns as error (1) the trial court's admission of testimony of plaintiff's expert interpreting the building code of the District of Columbia, (2) in not

2. No one from the Building Inspector's office had personally inspected the premises. The decision was based on defendant's letter of inquiry in which the sole information furnished was the base dimensions of the machine and an assumed weight of 9,250 pounds. Substantial evidence was introduced at trial that this machine could not have weighed more than 7,000 pounds and that if other important factors were taken into consideration an occupancy permit might have been obtained.

3. Plaintiff testified that defendant gave as an original reason for vacating the fact that the premises were too large for him and that he could only use the same for editorial purposes as he could let out the printing cheaper than he could do it himself. Defendant vacated the premises nearly a month before receipt of the letter from the Building Inspector's office on which he relies so strongly.

4. Hearst Radio v. Good, 67 App.D.C. 250, 91 F.2d 555; Cohen v. United States, D.C.Mun.App., 63 A.2d 854. See Eberhard v. Mehlman, D.C.Mun.App., 60 A.2d 540.

5. Gade v. National Creamery Co., 324 Mass. 515, 87 N.E.2d 180; Arbuckle Realty Trust v. Rosson, 180 Okl. 20, 67 P.2d 444; Gellis v. Claremont Masonic Ass'n, 85 N.H. 416, 159 A. 295; Keroes v. Richards, 28 App.D.C. 310, 8 Ann.Cas. 575; Taylor v. Finnigan, 189 Mass. 568, 76 N.E. 203; 1 Tiffany, Landlord & Tenant, § 86 (1912); 32 Am.Jur., Landlord & Tenant, § 654.

taking judicial notice of the building code, and (3) in not awarding judgment on defendant's counterclaim. Where, as found by the trial court, there was no misrepresentation, defendant could not recover on his counterclaim, and we find that in the other two assignments there was no prejudicial error. The judgment is

Affirmed.