EASTERN EXPRESS, INC., Appellant,

v.

MACK WAREHOUSE CORPORATION and Eavenson & Levering Company.

No. 14445.

United States Court of Appeals
Third Circuit.

Argued Nov. 7, 1963.

Decided Jan. 8, 1964.

Rehearing Denied Feb. 11, 1964.

See also D.C., 26 F.R.D. 109.

David E. Rosenfeld, Terre Haute, Ind. (Donald J. Farage, Philadelphia, Pa., on the brief), for appellant.

William J. Toy, Philadelphia, Pa. (Paul Leo McSorley, Richard T. McSorley, Walter B. Gibbons, Philadelphia, Pa., on the brief), for appellees.

Before STALEY, HASTIE and SMITH, Circuit Judges.

HASTIE, Circuit Judge.

This is a suit by the purchaser of a tract of land in Philadelphia against the seller for damages caused by alleged deceit in the oral negotiations which brought about the sale. The buyer contends that Samuel Foyle, a Philadelphia real estate broker who acted as the seller's agent, willfully deceived the buyer's agent, David Rosenfeld, an Indiana lawyer, concerning the nature and condition of the subsoil.

The case was tried to a court sitting without a jury. The court found that Foyle had made no affirmative misrepresentations concerning soil conditions, that his failure to volunteer information on the subject was not fraudulent, and that Rosenfeld did not rely upon Foyle in this matter. Pursuant to those findings, judgment was entered for the defendant seller. The buyer has appealed, contending that the evidence does not support the trial court's fact finding.

█ Of course Pennsylvania principles of liability for deceit are controlling. However, this appeal presents only questions of rational judgment as to the probative value of evidence and of federal practice in appellate review of fact finding.

No one doubts that the appellant can prevail only if he demonstrates on the record that the trial court's fact finding was "clearly erroneous". United States v. U. S. Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; Seideman v. Hamilton, 3d Cir. 1960, 275 F.2d 224. We examine the record with that burden in mind.

The ten-acre tract in question was wanted by the buyer, a common carrier by motor vehicle, for the construction of a truck terminal. It is agreed that the seller's agent, Foyle, knew this. Foyle also knew that the tract had once been the site of a brickyard and that it had been excavated to provide clay for brick and later filled. Subsequently, an emergency public housing project had been built there. But beyond this limited area of agreement, Foyle and Rosenfeld, both of whom testified at length, gave sharply conflicting accounts of their face-to-face negotiations which led to the sale. Rosenfeld testified that he asked Foyle concerning subsoil conditions, pointing out that the contemplated imposition of heavy structures and vehicles on the land required that the soil be "virgin" or "firm", and that Foyle assured him that the soil was firm. However, Foyle denied both that Rosenfeld made any inquiry about soil conditions and that Foyle made any representations in that regard. The court stated its belief that Foyle's version was correct and found that no representations had been made by him.

█ The trial occurred some six years after the conversations in question. The stated recollections of the two parties to the conversations were irreconcilably conflicting. Resolution of the issue thus posed depended very largely upon the credibility of the two opposing witnesses, neither of whom was disinterested. In such a situation, only the most persuasive showing of verisimilitude in the rejected testimony of one witness or of falsity in the contradicting testimony credited by the trial court can justify reversal of the trial findings. Seideman v. Hamilton, supra; cf. Williams v. Babcock & Wilcox Co., 3d Cir. 1959, 262 F.2d 253.

Appellant urges that because Rosenfeld's testimony was clear, precise and positive, while Foyle was at times a hestitant, vague and even self-contradictory witness, the court acted arbitrarily in refusing to find in accordance with Rosenfeld's account. Rosenfeld was a skilled and experienced courtroom lawyer and undoubtedly testified with the clarity and precision to be expected of such an expert. Foyle, an older man, had enjoyed nearly fifty years of experience in the real estate field, but there is no indication that he was skilled in courtroom presentation. In such circumstances the clearer and more unequivocal testimony is not necessarily the more convincing.

The trial court also indicated its thought that, if assurances concerning soil conditions had been given and were

considered important, it seemed strange that able counsel representing the buyer did not incorporate some reference to this matter in the formal agreement of sale. We think a reasonable fact finder could derive at least some slight inferential support for Foyle's version of the negotiations from this omission.

■■ Moreover, since this is a fraud case, the trial court could find for the plaintiff buyer only if the proof of fraudulent misrepresentations was clear and convincing. A mere preponderance of evidence in favor of plaintiff's factual contentions would not suffice. On the whole record, therefore, we cannot say that the trial judge acted arbitrarily in refusing to find that Foyle had made the representations claimed by Rosenfeld.

Apart from any false statement by Foyle, appellant also contends that, since Foyle knew the buyer wanted the land for a heavy duty truck terminal, he was obligated to disclose, even without any inquiry by Rosenfeld, that the ground was filled rather than virgin. At the outset, it is to be noted that this ground could be and indeed was used for the intended construction of a truck terminal after the buyer learned that it had been filled. The buyer's claim is not that the ground was wholly unsuited for his purposes, but that he has had to bear extra costs for foundations and footings because of subsoil condition. The record does not show whether such extra costs of building on filled land were offset by a relatively low sale price or whether the buyer paid the full market price for virgin land. In any event, the buyer's own course of action shows that the land was adaptable to the intended use. Our problem is whether the seller's failure to volunteer information relevant to a particular problem involved in that adaptation constituted actionable deceit.

■ Foyle testified that when the intended use of the land was disclosed during oral negotiations he offered to have soil test borings made, but that Rosenfeld rejected this tender, saying that his client had its own engineers to handle such matters. Certainly, such borings would have been a simple normal method of determining soil conditions and judging their bearing upon the intended land use. Indeed, test borings would supply the buyer with more precise and useful data than would be provided by general information that the land had been excavated and filled. Here again the trial court was entitled to believe Foyle's testimony, which, in this respect, was not contradicted, and to conclude from it that Rosenfeld had indicated that he was not relying upon Foyle for information concerning subsoil conditions. In these circumstances, the failure of Foyle to volunteer information concerning the history of the tract could not be actionable deceit.

The appellant has raised other questions on this appeal. We have considered each of them and have found no reversible error.

The judgment will be affirmed.