**AMERICAN MARINE UPHOLSTERY COMPANY, Inc., Appellant,**

v.

**Nathan MINSKY et al., Appellees.**

**No. 4260.**

Court of Civil Appeals of Texas. Eastland.

Oct. 25, 1968.

Rehearing Denied Nov. 15, 1968.

———◆———

Rosenfield, Berwald & Mittenthal, Elihu E. Berwald and Cecil D. Elfenbein, Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr. and Boyd Waggoner, Dallas, for appellees.

GRISSOM, Chief Justice.

American Marine Upholstery Company, Inc., sued Nathan Minsky and J. Strouss, the latter individually and as executor of the estate of Morris Strouss, for damages caused by their alleged fraudulent concealment of the fact that the contents of a store and warehouse, which it leased from defendants, were subject to damage by overflow from the adjacent "Joe's Creek." It alleged that Joe's Creek frequently had overflowed as a result of rains in the Trinity River watershed and damaged the contents of said buildings; that lessors knew thereof but the lessee did not; that lessors' failure to tell it of previous overflows constituted fraudulent concealment making lessors liable for damages to the contents of said leased buildings; that lessee's merchandise in said buildings was damaged on April 27th and 28th, 1966, by water overflowing Joe's Creek and entering said buildings, for which they sought $95,000.00 damages.

There was evidence, either undisputed or from which it might reasonably be concluded, that in July and October, 1962, Joe's Creek overflowed and damaged the contents of said buildings; that one of the lessors knew thereof; that lessee did not and lessors did not tell lessee of said overflows in 1962. Defendants, the lessors, did not deal with plaintiff in making the lease. The lease was made by broker Wilensky, who testified that, after the buildings were listed with him, he inspected them and the surrounding area; that he saw Joe's Creek, but he did not consider it to be a hazard. There was evidence that the buildings were 350 feet north of Joe's Creek. The broker said he did not know that Joe's Creek had previously overflowed; that he inspected the buildings and the surrounding area with Mr. Molny, the representative of the plaintiff-lessee; that he saw nothing that indicated the creek was a hazard to contents of the buildings; that, as a licensed broker, he was trained to take particular notice of anything hazardous to property he "handled"; that he saw nothing he considered hazardous to the leased buildings. Mr. Molny, vice-president of the plaintiff-lessee and Mr. Shapiro, another officer thereof, who made the lease for the plaintiff, inspected the premises and the surrounding area. Molny testified that he saw Joe's Creek and the bridge across it; that he did not think the creek constituted any character of hazard to the leased premises; that it then appeared to be a dry creek bed and was remote from the

buildings. Mr. Molny was asked why he thought the defendants were liable to lessee for alleged fraudulent concealment. He answered, because defendants knew of the 1962 floods and he had a right to be warned thereof so that he could obtain insurance or refuse to rent the buildings.

Lessors moved for summary judgment on the ground that they did not owe a prospective lessee the duty to volunteer information of the 1962 overflows from a creek distant from the leased buildings. The motion was granted and judgment was rendered for defendants.

Plaintiff-lessee has appealed. The substance of appellant's contentions is that there existed a material fact issue because defendants fraudulently concealed the fact that Joe's Creek had overflowed and damaged property in the buildings twice in 1962 and lessors owed them the duty to volunteer that information.

Appellees', the lessors', third counterpoint is that the court correctly granted their motion for a summary judgment because they had no duty to affirmatively disclose that Joe's Creek, not located on the leased premises, had twice overflowed in 1962 and damaged the contents of the leased buildings.

The lease contained this provision:

"Tenant acknowledges that it has fully inspected the demised premises, and on the basis of such inspection, Tenant hereby accepts the demised premises, and the buildings and improvements situated thereon, as suitable for the purposes for which the same are leased, in their present condition * * *"

Joe's Creek was not on the leased premises. Appellant's representatives inspected it. There was no evidence that either defendant actually knew of any damage to property in the leased buildings by any prior flood. Minsky admitted that he did know that said creek had overflowed in 1962, and it might be inferred that he knew the contents of the buildings were thereby damaged. We shall assume he had that knowledge. From 1948 until the flood which damaged appellant's property in 1966, the record shows only on the two occasions in 1962 was there an overflow from the creek causing damage to the leased premises that defendants could have known about. According to appellant, the rain storm in 1966 was unusually "heavy." Its representative testified that it was the biggest rain he had ever seen in Dallas during his long residence there. That was the rain storm that caused the damages sued for.

Appellant says it has a right to recover damages caused by said 1966 overflow by reason of defendants' alleged fraudulent concealment of the 1962 overflows. Appellant's right to recover, if any, must rest upon the failure of defendants to volunteer that information to prospective tenants. Appellant cannot recover unless a lessor-landlord has the duty to volunteer such information to a prospective tenant. Appellees say, and we think correctly, that appellant has cited no case holding that a landlord has the duty to volunteer information of possible danger due to external forces, such as an overflow, caused by an unusually heavy rainstorm over the Trinity River watershed from off the premises, or to warn of such 1962 overflows. We think the landlord-lessors, under the circumstances disclosed, owed no duty to volunteer such information. This is not a case where there existed a secret defect in the leased premises. The damage was caused by an unusually heavy rainstorm over the Trinity River watershed which caused water to run into Joe's Creek and overflow its banks. Lessee's representatives had looked at the creek, the bridge across it, knew how far it was from the buildings and did not inquire whether the creek had ever overflowed and damaged contents of the buildings.

In Gellis v. Claremont Masonic Association, 85 N.H. 416, 159 A. 295, 296, a tenant claimed damages for fraudulent con-

cealment of a secret defect which he could not see but the landlord knew about. The landlord-lessor knew the town maintained a surface drain not on, but near, the leased premises, which had previously caused water to flow into the basement of the leased store. The tenant alleged that the previous overflows were known to the lessor but unknown to him and that the lessor had a duty to inform him thereof; that the lessee stored merchandise in the basement of the leased store and it was damaged by water which overflowed from the drain near the leased store. The court said that a landlord was liable for damages caused by "a secret defect on the leased premises" which was concealed from ordinary observation, known to the lessor but not disclosed to, or known by, the lessee. It held that because the lessee failed to show "a secret defect on the leased premises", concealed from ordinary observation, known to the lessor and not disclosed to, or known by, the lessee, the lessee could not recover. It was held that susceptibility of the leased property to overflow because of some natural feature not on the leased premises did not constitute a secret defect on the leased premises and the landlord did not have the duty to volunteer to his prospective tenant that there had been such previous overflows.

In Doyle v. Union Pacific Railway Company, 147 U.S. 413, 423, 13 S.Ct. 333, 337, 37 L.Ed. 223, a tenant sued her landlord for damages caused by a snowslide that destroyed the rented house. The tenant contended that her landlord knew of past snowslides, she did not, and the landlord owed her the duty to disclose such danger and that his failure to do so constituted fraudulent concealment for which it was liable in damages. The Supreme Court of the United States affirmed a judgment for the defendant-landlord based upon an instructed verdict saying:

"It is, however, well settled that the law does not imply any warranty * * * that no accident should befall the tenant from external forces * * *."

The court said the danger asserted by the tenant was incident to the region and, in the eyes of the law, as well known to the lessee as to the lessor.

In Blake v. Dick, 15 Mont. 236, 38 P. 1072, the tenant sued the landlord for damages for failure to disclose the fact that the cellar of his rented residence was liable to be flooded by rain. The tenant alleged the premises were so situated that a heavy rain was liable to flood the basement, that the defect was not apparent to the tenant but was known to the landlord because it had previously flooded. Objection to proof thereof was sustained and judgment for the landlord was affirmed by the Supreme Court of Montana.

In Moore & Moore Drilling Company v. White, Tex.Civ.App., 345 S.W.2d 550, the court said:

"Where not legally bound to volunteer information, a person is not to be charged with fraud in suppressing it. 'When, therefore, the parties are dealing at arm's length, there being no confidential relationship, mere silence is not fraud, either actual or constructive'."

See also 37 C.J.S. Fraud § 15, p. 242; Eastern Express, Inc. v. Mack Warehouse Corporation, 3 Cir., 326 F.2d 554; Long v. Martin, Tex.Civ.App., 234 S.W. 91, 94, Writ dis., 112 Tex. 365, 247 S.W. 827; Mann v. Rugel, Tex.Civ.App., 228 S.W.2d 585, 587; Phillips Petroleum Co. v. Daniel Motor Company, Tex.Civ.App., 149 S.W.2d 979, 987 (Writ dis. C.J.).

We have found no authority for appellant's contention that the lessor is liable, as for fraudulent concealment of a secret defect on the premises, because he fails to disclose his knowledge of previous floods coming from a creek off the leased premises and caused by a natural event, such as an unusual amount of rain.

All of appellant's points have been considered and are overruled. The judgment is affirmed.