**SOUTHWEST E & T SUPPLIERS, INC.,**
Plaintiff-Appellant,

v.

**AMERICAN ENKA CORPORATION,**
Akzona, Inc., et al., Defendants-
Appellees.

No. 72–1410
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 21, 1972.

Rehearing Denied Aug. 18, 1972.

James G. Clement, Larry S. Parnass, Parnass, Clement & Cline, Irving, Tex., for plaintiff-appellant, Southwest E & T Suppliers, Inc.

James E. Coleman, Jr., Robert Mow, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, Tex., for appellees American Enka Corp., Akzona, Inc., and others.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

Southwest appeals from an adverse summary judgment entered in a suit brought by it against Enka asserting various claims that had previously been asserted in state and federal suits between the same parties and which had been terminated by a settlement agreement and dismissals with prejudice.

---

* Rule 18 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Southwest contends that Enka fraudulently induced it to enter into the agreement. We affirm.

Southwest sold telephone wire, cable, and related items which it purchased through Enka's Brand-Rex division. The purchases were on credit secured by Southwest's accounts receivable. A disagreement arose between the parties over payment of the debt and various credits claimed to be due by Southwest. Enka brought a state court suit seeking recovery on its account and had Southwest placed in receivership. Southwest answered that it was entitled to various credits and counterclaimed for damage to its business relations. Southwest also filed an antitrust action against Enka in the federal court. Subsequently the parties agreed to settle their differences and dismiss both the state and federal court actions with prejudice.

The settlement agreement provided, *inter alia*, that Southwest would pay Enka a total of $525,000—$161,058.58 in cash, $213,941.42 in collectible receivables, and two promissory notes for $75,000 each, the first due in one year, and the second payable in two installments at the end of the second and third years. Southwest was required to pledge its complete inventory as collateral for the promissory notes.

Five days before the first promissory note became due, Southwest filed this suit alleging that Enka conspired to restrain Southwest's trade and destroy its business by refusing to sell to Southwest. Southwest contended that the settlement agreement should be set aside because Enka fraudulently induced it to enter into the agreement by failing to state that it would not sell to Southwest after the agreement had been executed. In the alternative, Southwest alleged that if the agreement was found to be enforceable, Enka breached it by refusing to sell. Southwest also *sought the pay*ment of commissions claimed to be due.

Southwest urges that there are contested issues of fact which made the entry of summary judgment inappropriate. We disagree.

■■ We find the settlement agreement valid and enforceable. We seriously doubt that there is any record support for Southwest's argument that it would not have entered into the agreement had it known that Enka would refuse to sell. Assuming *arguendo* that Southwest had no such notice, Enka was under no duty to disclose this fact prior to the execution of the settlement agreement. Texas law is clear that if there is no confidential or fiduciary relation between the parties, mere silence does not amount to fraud or misrepresentation. American Marine Upholstery Co. v. Minsky, 433 S.W.2d 717, 720 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.); Roberts v. Lucas, 388 S.W.2d 764, 766 (Tex.Civ. App.—Tyler 1965, no writ); Moore & Moore Drilling Co. v. White, 345 S.W. 2d 550, 555 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.); Howard v. County of Nolan, 319 S.W.2d 947, 950 (Tex.Civ. App.—Eastland, 1959, no writ); Hawkins v. Campbell, 226 S.W.2d 891, 894 (Tex.Civ.App.—San Antonio 1950, writ ref'd n. r. e.). While confidential relationships may arise between business associates, *see e. g.* Thigpen v. Locke, Tex.1962, 363 S.W.2d 247 and Gaines v. Hamman, 1962, 163 Tex. 618, 358 S.W. 2d 557, the parties here, basically buyer and seller, do not qualify as confidants, especially when, at arms length through counsel, they settle bitter litigation pending between one another. Because no duty to disclose its intent arose, Enka's silence cannot amount to fraud or misrepresentation.

■■ Southwest's alternative claim, that the settlement agreement contemplated a continued buyer-seller relationship between Southwest and Enka, also fails. It is undisputed that the agreement was silent on this issue. No statements or representations were made that the business relationship would continue. Courts cannot read into a contract that which is not there. Southwest's claims to commissions insofar as they relate to

pre-settlement transactions were considered and included in the settlement agreement and were thus extinguished.[1] Southwest was credited with its post-settlement commission claims by the district court.

Southwest's claim for restraint of trade and destruction of business was likewise subsumed by the settlement agreement.[2] The allegations of refusal to sell, discriminatory pricing, and Enka's communications with Southwest's customers, were also pled in the two suits that were settled with prejudice. This bars Southwest from relitigating them. *See* Astron Industrial Associates, Inc. v. Chrysler Motors Corp., 5 Cir. 1968, 405 F.2d 958, 960 and cases cited therein.

The judgment of the district court is affirmed.

1. The settlement agreement provided, in part:
C. Enka, Southwest, and Gunn, who is a party for the limited purposes hereinafter set forth, now join in this Settlement Agreement for the purpose of compromising and settling all differences, disputes, claims, counterclaims, actions and causes of action resulting or which might result from any and all prior business transactions between the parties including accounts and any and all actions taken by said parties with respect to said accounts.

2. See note 1.