Charest D. THIBAUT, Jr.

v.

J. Clifford OURSO, Sr., et al.

Civ. A. No. 76–373–B.

United States District Court,
M.D. Louisiana.

June 10, 1981.

Donald R. Mintz, Leopold Z. Sher, McGlinchey, Stafford, Mintz & Hoffman, New Orleans, La., for plaintiff.

John Dale Powers, Michael H. Rubin, Sanders, Downing, Kean & Cazedessus, Baton Rouge, La., for J. Clifford Ourso, Sr. and David M. Ourso.

Thomas R. Bryan, Stanford O. Bardwell, Jr., Baton Rouge, La., for Dr. Redfield Bryan & Carol Ourso Bryan.

John Baus, Adams & Reese, New Orleans, La., Robert L. Kleinpeter, Kleinpeter & Nevils, Baton Rouge, La., for J. Clifford Ourso, Jr.

J.D. Pittman, Max Pace, Enloe Kee, Robert B. Bieck, Jr. of Jones, Walker, Waechter, Poitevent, Carriere & Denegre, New Orleans, La., for Rolfe McCollister.

A. Leon Hebert, Hebert & Moss, Baton Rouge, La., for Carl Baldridge.

John R. Martzell, Martzell, Montero & Lemothe, New Orleans, La., for George E. McNutt, Jr.

POLOZOLA, District Judge.

On January 5, 1981, this Court issued an order enforcing a settlement agreement which had been entered into by the parties to this action. After this order was issued by the Court, George E. McNutt, Jr., Rolfe McCollister, Max Pace, Enloe Kee and J.D. Pittman filed a motion to have the Court reconsider its January 5, 1981 ruling or, in the alternative, to grant a new trial herein. The Court heard oral arguments in this case and took the matter under advisement.

The Court, after carefully reviewing the entire record, finds that no additional evidentiary hearings are required in this case and that the Court's prior decision enforcing the settlement agreement entered into between the parties is hereby reaffirmed.[1] Therefore, the motion filed by George E. McNutt, Jr., Rolfe McCollister, Max Pace, Enloe Kee and J.D. Pittman for reconsideration of motion to enforce settlement or, in the alternative, for a new trial, is hereby DENIED.

In the Court's opinion of January 5, 1981, the Court gave detailed reasons in support of its decision to enforce the settlement. These reasons are again adopted by the

---

1. The settlement agreement is Exhibit B attached to plaintiff's motion to reopen the case and to summarily enforce settlement agreement, filed on November 17, 1980, and marked as document 84 in the record. A copy of this agreement is attached to the Court's opinion as Exhibit 1. [Exhibit B is not included with the published opinion.]

Court by reference and shall not be repeated herein. This opinion shall supplement the Court's opinion of January 5, 1981.

Settlement agreements have always been a favored means of resolving disputes. *Williams v. First National Bank,* 216 U.S. 582, 30 S.Ct. 441, 54 L.Ed. 625 (1910). When fairly arrived at and properly entered into, settlement agreements are generally viewed as binding, final and as conclusive of the rights of the parties as is a judgment entered by a court. *Thomas v. State of La.,* 534 F.2d 613 (5 Cir.1976). *Cia Anon Venezolana De Navigacion v. Harris,* 374 F.2d 33 (5 Cir. 1967). When the parties to a pending suit compromise the cause of action, and the terms of the compromise are complied with, the parties are bound by the agreement and the suit is ended. *Cia Anon Venezolana De Navigacion v. Harris,* supra; *Eagle Oil Co. v. Sinclair Prairie Oil Co.,* 105 F.2d 710 (10 Cir.1939). The law encourages and favors the settlement of disputed claims and will sustain such settlements because it is in the interest of the state and the parties that there should be an end to litigation. *D.H. Overmyer Co. v. Loflin,* 440 F.2d 1213 (5 Cir.1971); *Continental Oil Co. v. FPC,* 373 F.2d 96 (10 Cir.1967); *Petty v. General Acc. Fire & Life Assur. Corp.,* 365 F.2d 419 (3 Cir.1966).

Since the courts favor the settlement of disputed claims and it is presumed that the parties making settlements have consulted their own interests, settlement agreements should not be taken lightly or be interfered with or impeached. *Cia Anon Venezolana De Navigacion v. Harris,* supra; *Kraly v. National Distillers and Chem. Corp.,* 319 F.Supp. 1349 (U.S.D. C.Ill.1970), aff'd. 502 F.2d 1366 (7 Cir.1974). Hence, in the absence of fraud, mistake, or other circumstances going to the validity of the agreement, a settlement voluntarily entered into cannot be repudiated by either party or set aside by the court. Likewise, a settlement agreement will not be opened merely to inquire into the equities between the parties or because one of the parties

has become dissatisfied with the agreement. *Kraly v. National Distillers and Chem. Corp.,* supra.

A valid compromise binds those who are parties thereto and those with notice who claim under them. *Wise v. Braniff Airways, Inc.,* 622 F.2d 738 (5 Cir.1980); *Southeast E. & T. Suppliers, Inc. v. American Enka Corp.,* 463 F.2d 1165 (5 Cir.1972). Accordingly, the parties and those with notice who claim under them cannot go behind a valid compromise made in good faith as a settlement of prior disputes, but are bound thereby as are those persons in behalf of whom and by whose authority the settlement is made and those who by their acts adopt and approve and make the settlement agreement their own. *Hyman v. McLendon,* 140 F.2d 76 (4 Cir.1944).

As noted earlier, five of the parties to this suit have filed the pending motion. Of these five parties, only one, George McNutt, Jr., did not sign the settlement agreement. The other moving parties did sign the agreement. Thus, the Court finds that Rolfe McCollister, Max Pace, Enloe Kee and J.D. Pittman are estopped from contesting the validity of the settlement agreement. The arguments asserted by these four parties are nothing more than frivolous assertions which have no basis or support in law or fact. It is well settled that where a party enters into a settlement agreement, the agreement is viewed as a binding final and conclusive agreement. Therefore, McCollister, Pace, Kee and Pittman have no standing to contest the agreement entered into, particularly where these parties are in accord with the terms of the agreement insofar as the agreement relates to them. In fact, during the oral argument held herein, it appeared to the Court that counsel for McCollister, Pace, Kee and Pittman was asserting arguments that seem to favor McNutt more than his own clients. Nothing was presented to the Court which would in any way show that McCollister, Pace, Kee and Pittman signed the settlement agreement because of fraud, mistake or any other circumstances which

would affect the validity of the settlement agreement. These four gentlemen voluntarily signed a valid settlement and therefore are bound by the terms of that agreement.

██ McNutt, for reasons totally unknown to this Court, failed or refused to sign the agreement. The settlement agreement which has been filed in the record of this case does in fact substantially and accurately reflect the settlement which was entered into between the parties. McNutt contends that the agreement fails to properly reflect his tax consequences and does not provide security for the notes. These contentions are totally without merit. A careful review of Article V of the agreement clearly shows that the tax consequences of McNutt were indeed considered and provided for in the agreement. Not only does the agreement provide for payment over a three-year period (which payments incidentally would actually be made in a period of 367 calendar days),[2] but the agreement also limits the total amount which could be paid on December 31, 1979 to 30% of the total sales price. See Article 5.4 and 5.5 of the Settlement Agreement. Furthermore, at the oral argument held in this case counsel for McNutt agreed that Irving Couvillion, a tax lawyer associated with the firm in which the defendant McCollister is a senior partner, give McNutt a tax opinion prior to the time the settlement was agreed to by the parties. Thus, the Court is satisfied that the tax consequences of the settlement were discussed and were accurately reflected in the final settlement agreement entered into between the parties.

The Court also finds that the settlement agreement also provides for security for the notes as agreed to by the parties. Articles 5.5 through 5.8 provide for the manner in which the notes were to be endorsed and paid and the penalties which would be imposed if the notes were not paid. In addition the agreement clearly provides that the stock involved herein would be delivered to the purchasers "contemporaneously" with the receipt of note and cash.

██ It is very important to note that the two matters complained of by McNutt are minor matters and cannot in any way be said to be the principal cause or motive for entering into the settlement proposal. Since McNutt does not and could not in good faith allege fraud, in order for the Court to invalidate this settlement agreement McNutt must show that there was an error of fact as to the principal cause of the agreement. In other words, an error of fact sufficient to invalidate the agreement must be as to the principal cause of the agreement and the other party must have been apprised and presumed to know of the principal cause. *American Bank & Trust Co., Etc. v. Anderson,* 377 So.2d 441 (2 Cir.1979); *Cole v. Lumbermens Mutual Casualty Company,* 160 So.2d 785 (3 Cir. 1964); *Carlton v. Great American Insurance Co.,* 273 So.2d 655 (4 Cir.1972), writ denied 277 So.2d 442 (1973). In *Cole v. Lumbermens Mutual Casualty Company,* supra, the Court stated:

"[1] Under the civilian law of obligations, legally given consent of both parties is requisite to the validity of a contract, so that there is no consent and no valid contract where the consent has been produced by error or fraud. LSA–C.C. Arts. 1779, 1819, 1824.

"[2] Compromises are a species of contract which cannot be attacked because of error of law, but which may be rescinded because of error of fact, or in the case of fraud. LSA–C.C. Arts. 3078, 3079.

"[3] An error of fact is that 'which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none.' LSA–C.C. Art. 1821. It is not every error that will invalidate a contract, only an error as to some point 'which was a principal cause for making

---

**2.** One installment was to be paid on December 31, 1979, one installment was to be paid during 1980, and one installment could be paid on or after January 1, 1981. (Article 5.1 and 5.4 of the agreement.)

the contract', including error 'as the motive for making the contract'. LSA–C.C. Art. 1823.

"As to error in the motive, LSA–C.C. Art. 1824 provides: 'The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exit, or if it be falsely represented, there can be no valid consent.' Further, 'The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the *motive*, and means that consideration without which the contract would not have been made.' LSA–C.C. Art. 1825.

"Likewise, and it is important to note the words italicised by this court: 'No error in the motive can invalidate a contract, *unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.*' LSA–C.C. Art. 1826. Additionally, ' * * * wherever the motive is apparent, although not made an express condition, if the error bears on that motive, the contract is void. * * * ', LSA–C.C. Art. 1827.

" * * *

"Such principles also apply to the annulment of a compromise on the ground of error. LSA–C.C. Arts. 1828–1830. 'But if the compromise be of all differences generally, and there were other subjects of dispute, besides that in which the error existed, of sufficient importance to raise a presumption that, even if the error had been discovered, the compromise would still have been made, then such error shall not invalidate the contract.' LSA–C.C. Art. 1831."

Thus, it is not every error that will invalidate a contract, but only an error as to some point which was the principal cause for making the contract, including error as to the motive for making the contract. Not only was there no error made in this case

as is reflected in the record and the compromise agreement, but even assuming an error was made, the two alleged errors complained of by McNutt did not pertain to the principal cause of the agreement.

This Court is at a loss to explain why this case is still before the Court. The participants to this agreement are prominent businessmen represented by competent counsel. Many hours were devoted to reaching a settlement. This Court will not allow its Court to serve as a forum for parties to use in furtherance of their personal or business intentions, frustrations or plans. The time has simply come for the parties to set aside whatever personal feelings or animosities which have apparently surfaced in this case and bring this case to a final conclusion. Because the Court finds no error of law or fact in the agreement, the Court shall now enter an order to enforce the settlement agreement entered into between the parties.

Therefore:

IT IS ORDERED that the Motion of George E. McNutt, Jr., Rolfe McCollister, Max Pace, Enloe Kee, and J.D. Pittman for Reconsideration of Motion to Summarily Enforce Settlement Agreement or, in the Alternative, for a New Trial, be and it is hereby DENIED.

IT IS FURTHER ORDERED that on or before June 26, 1981, the defendant, George McNutt, Jr., shall sign and execute the original or a copy of the settlement agreement which is attached to this opinion as Exhibit 1.

IT IS FURTHER ORDERED that if George McNutt, Jr. has not executed the original settlement agreement or a copy thereof by 5:00 p.m. CDT on June 26, 1981, counsel for plaintiff shall by June 30, 1981 submit to the Court a judgment in the form of the settlement agreement entered into by the parties.

IT IS FURTHER ORDERED that a copy of this order shall be served on George E. McNutt, Jr. by the United States Marshal in accordance with law. The Clerk of

Court shall also mail a copy of this order by certified mail to all counsel of record.